Per Curiam.
The judgment entered by default and docketed July 3, 1883, was a final judgment within the provisions of section 1240 of the Code, and an execution on such judgment was regular.
The defendant applied to the court for leave to defend the action and that application was granted, but the judgment as entered was not vacated, and as a condition for the favor granted, it was provided “ that the judgment stand as security, but no execution to issue thereon until after the determination of the action.”
The defendant having accepted the favor granted, was bound by the conditions imposed, and on the determination against him of the defense interposed under the provisions of the order, the conditions upon which the leave was granted became binding on him.
The subsequent judgment entered did not have the effect of vacating the original judgment. That stood under the terms of the order, and the period during which no execution was to issue having expired, we can seé no reason why the judgment originally entered should not be enforced in the way provided by law.
It is not necessary to determine whether the judgment is a lien upon the property advertised for sale. If the judgment is not a lien upon such property, no interest therein will pass under the sale, and the judgment and execution being regular, the plaintiff had the right to enforce the judgment against all the property upon which it is a lien.
The defendant having accepted the leave to defend granted by the order, it is too late for him to insist that the terms upon which such leave was granted were irregular
*55 We think the order appealed from should be affirmed, with $10 costs and disbursements.